**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-03647-STV

RIGOBERTO AGUILAR-FIALLOS,

Petitioner,

v.

DAVID VENTURELLA; *et al*,

Respondents.

---

**ORDER**

---

Chief United States Magistrate Judge Scott T. Varholak

This matter is before the Court on Petitioner Rigoberto Aguilar-Fiallos's Petition for Writ of Habeas Corpus (the "Petition"). [#1] The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#5] In his Petition, Mr. Aguilar-Fiallos seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in Department of Homeland Security ("DHS") custody. [#1] Mr. Aguilar-Fiallos seeks a writ ordering Respondents to immediately release him from custody. [*Id.*] The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition. For the following reasons, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in February 2006 and has not left the country since then. [#1 at 4] Petitioner was detained by Immigration

and Customs Enforcement ("ICE") in January 2026 in Florida. [*Id.*] Prior to being detained, Petitioner was not provided a warrant for his arrest and Respondents did not conduct an individualized determination that he would be likely to escape before a warrant could be obtained for his arrest. [*Id.*] Petitioner is now detained in Aurora, Colorado. [*Id.*] Petitioner was first provided a warrant for his arrest and a notice to appear when he was transferred to the detention facility in Aurora. [*Id.*] The notice to appear and warrant are dated February 13, 2026. [#1-3]

Petitioner filed the instant Petition on August 11, 2027. [#1] Petitioner asserts two claims for relief. First, he asserts a claim for violation of the Administrative Procedures Act ("APA"). [*Id.* at 7-8] Second, he asserts a claim for violation of his Fifth Amendment Due Process rights. [*Id.* at 8]

## II. LEGAL FRAMEWORK

Section 2241 authorizes courts to adjudicate a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *3 (D. Colo. Dec. 17, 2025) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "The writ of habeas corpus is designed to challenge 'the fact or duration' of a person's confinement." *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919, at *3 (D. Colo. May 5, 2025) (quoting *Preiser*, 411 U.S. at 500). "[A] noncitizen may bring a habeas petition under this section if his or her confinement violates the Fifth Amendment's guarantee of due process." *Juarez v.*

*Choate*, No. 1:24-cv-00419-CNS, 2024 WL 1012912, at *3 (D. Colo. Mar. 8, 2024) (citing *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *3 (D. Colo. July 2, 2019)).

## III. ANALYSIS

The Immigration and Nationality Act ("INA") authorizes warrantless immigration arrests only in narrow circumstances. Under 8 U.S.C. § 1357(a)(2), an immigration officer may arrest a noncitizen without a warrant only if the officer has "reason to believe" the person is violating the immigration laws and the person "is likely to escape before a warrant can be obtained." The statute also permits warrantless arrests in certain circumstances where an officer "has reasonable grounds to believe that the person to be arrested has committed or is committing" a felony and "there is a likelihood of the person escaping before a warrant can be obtained for his arrest." *Id.* § 1357(a)(5). "Courts have interpreted the 'reason to believe' language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape." *Ghiyosov v. Mullin*, No. 26-cv-03412-NYW, 2026 WL 2349452, at *2 (D. Colo. Aug. 13, 2026) (citing *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216-17 (D. Colo. 2025)). "Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide 'whether the [noncitizen] will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued.'" *Id.* (quoting 8 C.F.R. § 287.3(d)).

The record demonstrates that Respondents did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that Petitioner

was arrested in January 2026, and that a warrant and a notice to appear were not issued until February 13, 2026. [*See* #1] Respondents do not submit a brief in opposition to this Petition [#6], so the Court has not been provided with argument or evidence indicating that Petitioner's warrantless arrest was proper under Section 1357. Additionally, Respondents "bear the burden to justify Petitioner's detention." *Ghiyosov*, 2026 WL 2349452, at *2 (quoting *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). As they have not done so here, the Court GRANTS the Petition. The Court will order Mr. Aguilar-Fiallos released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a lawful predicate." *Id.* at 3 (quotation omitted); *see also Calderon Navarro v. Valdez*, No. 26-cv-03340-NYW, 2026 WL 2321366, at *3 (D. Colo. Aug. 11, 2026) (same); *Arrioja Blanco v. Valdez*, No. 26-cv-03312-PAB, 2026 WL 2267337, at *2 (D. Colo. Aug. 6, 2026) (releasing a petitioner where respondents lacked statutory authority for a warrantless arrest).

This case presents a simple, straight-forward analysis of statutory interpretation. The Court notes, however, that, for Petitioner, the issue is much more complex. He was arrested in Florida, has been detained for approximately seven months, and will now be released in Colorado. He will need to find a way back to his home in Florida, approximately 2,000 miles from where he will be released. And the United States cannot even defend its actions through a responsive brief.[1] One can easily question whether justice has truly been achieved in this case.

[1] This statement should not be viewed as a criticism of the United States attorneys assigned to this case or the United States Attorney's Office for the District of Colorado. These attorneys have an ethical obligation not to raise frivolous arguments. Rather, the criticism is that Petitioner has been detained for more than half a year, and will be

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **GRANTED**;[2]

(2) Respondents shall release Petitioner for DHS custody within **48 HOURS** of the date of this Court's Order; and

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance.

DATED: August 19, 2026

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

released from custody 2,000 miles from his home, based upon arguments that can only be seen as frivolous.

[2] To the extent Petitioner seeks an award of attorney's fees, he may file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.